**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| ———————————————— ) | |
| DOWNWIND, LLC and GOLDEN BRIDGE, ) | |
| LLC, ) | |
| ) | |
|     Plaintiffs, ) | Case No. 3:16-cv-00207-DPM |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMEMNT OF ) | |
| ENERGY; ERNEST MONIZ, in his official ) | |
| capacity as Secretary of the United States ) | |
| Department of Energy; SOUTHWESTERN ) | |
| POWER ADMINISTRATION; SCOTT ) | |
| CARPENTER, in his official capacity as ) | |
| Administrator of the Southwestern Power ) | |
| Administration ) | |
| ) | |
|     Defendants. ) | |
| ———————————————— ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, the United States Department of Energy ("DOE"), Ernest Moniz, the

Southwestern Power Administration and Scott Carpenter, by and through their legal counsel,

hereby submit their Answer to Plaintiffs' Complaint ("Complaint"), dated and filed August 15,

2016 (ECF No. 1). The numbered paragraphs of the Answer correspond to the numbered

paragraphs of the Complaint.

    1.    The allegations of Paragraph 1 are a characterization of Plaintiffs' action to which

no response is required.

    2.    Defendants admit that DOE issued a Record of Decision, Secretarial

Determination, and Summary of Findings, and entered into a Participation Agreement related to

the Plains & Eastern Clean Line Transmission Project ("Clean Line Project"). These documents

are the best evidence of their contents. To the extent the allegations in Paragraph 2 and footnote 1 are inconsistent with the referenced documents, they are denied.

3.      Paragraph 3 contains Plaintiffs' characterizations of the Participation Agreement and DOE's Record of Decision, which are the best evidence of their contents. Defendants admit that the language quoted in the first sentence of Paragraph 3 found at 81 Fed. Reg. 18602 is accurate.  To the extent the allegations are inconsistent with the Participation Agreement or the Record of Decision, they are denied.

4.      Paragraph 4 contains Plaintiffs' characterizations of DOE's Record of Decision, which is the best evidence of its contents.  Defendants admit that the language quoted in the first sentence of Paragraph 4 found at 81 Fed. Reg. 18603 is accurate.  To the extent the allegations are inconsistent with the Record of Decision, they are denied.  Defendants deny that the Project will have the impacts on Plaintiffs' property interests as alleged in the last sentence of Paragraph 4.

5.      Defendants admit that the paragraph contains a direct quote from p. 6 of the Record of Decision.

6.      Paragraph 6 contains characterizations of Plaintiffs' claims, to which no response is required. To the extent a response is required, the allegations are denied.

7.      The first sentence of Paragraph 7 is denied.  The second sentence reflects Plaintiffs' legal conclusions which are denied and Defendants affirmatively deny that their actions are a "stunning example of federal overreach."  The second sentence also contains characterizations of the Record of Decision and Participation Agreement.  Those documents are the best evidence of their contents; to the extent the allegations are inconsistent with the documents, they are denied.  The third sentence speaks to the relief Plaintiffs seek from this

Court.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any other judgment or relief in their favor.

**PARTIES**

8.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 8.

9.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 9.

10.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 10.

11.      The allegations in Paragraph 11 are denied.

12.      The first sentence of Paragraph 12 is admitted.  As for the second sentence, Defendants admit that DOE requested proposals for projects under Section 1222 in its Request for Proposals of June 10, 2010; that DOE received a proposal for the Clean Line Project; and DOE reviewed that proposal, including development of an EIS as required under NEPA. Paragraph 12 also contains characterizations of DOE's Summary of Findings, Record of Decision, and the Participation Agreement.  Those documents are the best evidence of their content; to the extent the allegations are inconsistent with these documents, they are denied.

13.      DOE admits that Secretary Moniz is the Secretary of the DOE and that his address is the one stated in Paragraph 13.  With respect to the scope of his authority, Paragraph 13 states a legal conclusion for which no admission or denial is necessary.  To the extent a response is required, Defendants admit that the DOE is administered under the supervision and direction of the Secretary pursuant to 42 U.S.C. § 7131.

14.     The allegations in the first sentence of Paragraph 14 are admitted.  The allegations in the second sentence of Paragraph 14 are admitted only to the extent the SWPA consulted as required under Section 1222 of the EPAct.

15.     With respect to the scope of Administrator Carpenter's authority, Paragraph 15 states a legal conclusion for which no admission or denial is necessary.  To the extent a response is required, Administrator Carpenter possesses authority as provided in Section 1222 of the EPAct and 42 U.S.C. § 7152(a)(2).  The remaining allegations in Paragraph 15 are admitted.

## JURISDICTION AND VENUE

16.     The allegations of Paragraph 16 are legal conclusions and therefore no response is required.

17.     The allegations of Paragraph 17 are legal conclusions and therefore no response is required.

18.     The allegations of Paragraph 18 are legal conclusions and therefore no response is required.

19.     The allegations of Paragraph 19 are legal conclusions and therefore no response is required.

## EXISTING FEDERAL AND STATE STATUTORY FRAMEWORK AND SITING AND APPROVING ELECTRIC TRANSMISSION LINE PROJECTS

20.     The allegations in Paragraph 20 are denied.

21.     Paragraph 21 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statutes, they are denied.

22.     Paragraph 22 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

23.     Paragraph 23 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

24.     Paragraph 24 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

25.     Paragraph 25 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

26.     Paragraph 26 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

27.     Paragraph 27 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

28.     Paragraph 28 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

29.     Paragraph 29 reflects Plaintiffs' characterization of Arkansas law, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced statute, they are denied.

30.     Paragraph 30 reflects Plaintiffs' characterization of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with EPAct 2005, they are denied.

31.     Paragraph 31 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with that Section, they are denied.

32.     Paragraph 32 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005 and the Federal Power Act, which are the best evidence of their contents. To the extent the allegations are inconsistent with Section 1222 or the Federal Power Act, they are denied.

33.     Paragraph 33 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with that Section, they are denied.

34.     Paragraph 34 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with that Section, they are denied.

35.     Paragraph 35 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with that Section, they are denied.  Defendants admit that the first sentence accurately quotes a portion of 42 U.S.C. § 16421(f).

36.     Paragraph 36 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with that Section, they are denied.  Defendants admit that the first sentence accurately quotes 42 U.S.C. § 16421(d)(2).

37.     Paragraph 37 reflects Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents. To the extent the allegations are inconsistent with that Section, they are denied.

## PROCEDURAL BACKGROUND AND DEVELOPMENT OF CLEAN LINE'S PROJECT

38.     Paragraph 38 purports to quote a document attached to the complaint.  That document is the best evidence of its contents. To the extent that the allegations are inconsistent with that document, they are denied.

39.     Paragraph 39 offers Plaintiffs' interpretation of the document Plaintiffs refer to as "Clean Line's CCN Application," which is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

40.     Paragraph 40 offers Plaintiffs' interpretation of the document Plaintiffs refer to as "Initial APSC Decision," which is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

41.     Paragraph 41 offers Plaintiffs' interpretation of the document Plaintiffs refer to as "Initial APSC Decision," which is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

42.     Paragraph 42 offers Plaintiffs' interpretation of the document Plaintiffs refer to as "Initial APSC Decision," which is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

43.     Paragraph 43 offers Plaintiffs' interpretation of the document Plaintiffs refer to as "Initial APSC Decision," which is the best evidence of its contents. To the extent the allegations are inconsistent with that document, they are denied.

44.     Paragraph 44 offers Plaintiffs' interpretation of documents filed as attachments to the complaint, which are the best evidence of their contents and speak for themselves. To the extent the allegations are inconsistent with those documents, they are denied.  Upon information and belief, Defendants deny that Clean Line has violated the Arkansas Major Utility Act; Defendants lack information on which to admit or deny whether Clean Line has violated any other Arkansas law.

45.     With respect to the first sentence of Paragraph 45, Defendants deny the allegations that Clean Line has represented to DOE that Clean Line will comply with Arkansas law as vague and overly broad.  The second and third sentences quote the Participation Agreement, which is the best evidence of its own contents.  Defendants admit that the second and third sentences of Paragraph 45 accurately quote the cited portions of the Participation Agreement.  Defendants have insufficient information to admit or deny the allegations in the fourth sentence.

46.     Defendants admit that DOE published a Request for Proposals for New or Upgraded Transmission Line Projects Under Section 1222 of the Energy Policy Act of 2005 on June 10, 2010, requesting "Project Proposals from entities that are interested in providing contributed funds under Section 1222 of the Energy Policy Act of 2005 (EPAct) for Southwestern or Western's participation in the upgrade of existing transmission facilities owned by either PMA, or the construction of new transmission lines in the states in which either PMA operates."

47.     Paragraph 47 characterizes the Request for Proposals published in the Federal Register.  That document is the best evidence of its contents; to the extent the allegations are inconsistent with the document they are denied.

48.     Defendants admit that Clean Line filed an application with DOE on or around July 6, 2010.  The second sentence contains Plaintiffs' characterization of that application.  The document is the best evidence of its contents; to the extent the allegations are inconsistent with the document they are denied.  Defendants admit that on April 28, 2015, DOE issued a request for public comment "on the first complete application submitted in response to its June 10, 2010 Request for Proposals for New or Upgraded Transmission Line Projects Under Section 1222 of the Energy Policy Act of 2005." 80 Fed. Reg. 23520 (Apr. 28, 2015), but deny the last sentence of Paragraph 48 in all other respects.

49.     Defendants admit that Clean Line filed an update to its Part I Application in August 2011.  The first sentence of Paragraph 49 also contains Plaintiffs' characterization of that document; the document is the best evidence of its contents, and to the extent the allegations are inconsistent with that document they are denied.  Defendants deny the last sentence in Paragraph 49.

50.     Defendants admit that the parties executed an Advanced Funding and Development Agreement on September 20, 2012.  Paragraph 50 also contains Plaintiffs' characterization of the Agreement; the Agreement is the best evidence of its contents and to the extent the allegations are inconsistent with the Agreement they are denied.  Defendants admit that upon DOE's entering the Agreement, DOE had not made a final determination on whether the Project satisfied any of the criteria in Section 1222(b).  Defendants admit that as of

September 12, 2012, they had not provided for any public review, comment or objection to either the Part I Application or the Updated Part I Application.

51.     The allegations in Paragraph 51 contain Plaintiffs' characterization of DOE's Notice of Intent to Draft an Environmental Impact Statement and of the Draft Environmental Impact Statement, which are the best evidence of their contents.  To the extent the allegations are inconsistent with these documents, they are denied.  Defendants admit that in the Draft Environmental Impact Statement they did not identify a preferred alternative because DOE "had not identified a preference for whether to participate with Clean Line in some manner as prescribed by Section 1222."  Draft Environmental Impact Statement at 2-91.[1]

52.     Defendants admit the first part of the sentence in Paragraph 52, before the word "and." DOE lacks sufficient information to admit or deny the allegations that follow the word "and."

53.     DOE admits that on April 28, 2015, it published a request for public comment on Clean Line's proposal for DOE participation in the Project under Section 1222.  The second and third sentences of Paragraph 53 characterize DOE's April 28, 2015 Federal Register notice, which is the best evidence of its own contents. To the extent Plaintiffs' allegations are inconsistent with DOE's April 28, 2015, Federal Register notice, they are denied.

54.     The allegations in Paragraph 54 are denied.

55.     The allegations in the first sentence of Paragraph 55 are admitted.  The second sentence contains Plaintiffs' characterization of the FEIS.  That document is the best evidence of its contents; to the extent the allegations are inconsistent with the document they are denied.

56.     The allegations in Paragraph 56 are admitted.

---

[1] Found at: http://energy.gov/nepa/downloads/eis-0486-draft-environmental-impact-statement (follow link at EIS-0486: DEIS-Volume I (TOC-Sec. 3.13)).

57.     Paragraph 57 characterizes the Record of Decision, which is the best evidence of its own contents. To the extent Plaintiffs' allegations are inconsistent with the Record of Decision, they are denied.  Defendants admit that the proposed corridor traverses the State of Arkansas.  Defendants deny that the Project will have the impacts on Plaintiffs' property interests as alleged in the last sentence of Paragraph 57.

58.     Paragraph 58 contains Plaintiffs' characterization of the Participation Agreement. That document is the best evidence of its contents; to the extent the allegations are inconsistent with that document they are denied.

59.     Paragraph 59 contains Plaintiffs' characterization of the Participation Agreement. That document is the best evidence of its contents; to the extent the allegations are inconsistent with that document they are denied.

60.     The allegations in Paragraph 60 reflect Plaintiffs' characterization of the Participation Agreement, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Participation Agreement, they are denied.

61.     The first, second, and third sentences of Paragraph 61 offer Plaintiffs' characterization of the Participation Agreement, which is the best evidence of its own contents. To the extent the allegations are inconsistent with the Participation Agreement, they are denied. With respect to the fourth sentence of Paragraph 61, Defendants admit that Plaintiffs and Plaintiffs' members are not parties to the Participation Agreement, but deny the remainder of the sentence.

62.     The allegations in Paragraph 62 reflect Plaintiffs' opinions, to which no response is required.  To the extent a response is required, the allegations are denied.

63.     The allegations in Paragraph 63 reflect Plaintiffs' opinions and legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

64.     The allegations in the first four sentences of Paragraph 64 reflect Plaintiffs' characterization of the Participation Agreement, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Participation Agreement, they are denied.  The final sentence of Paragraph 64 is denied.

65.     The allegations in the first two sentences of Paragraph 65 reflect Plaintiffs' characterization of the Record of Decision, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Record of Decision, they are denied.  The third sentence of Paragraph 65 is denied.  Defendants do not have sufficient information to admit or deny the fourth sentence.

66.     The first, second, and fourth sentences of Paragraph 66 contain Plaintiffs' characterizations of the Participation Agreement, which is the best evidence of its own contents. To the extent Plaintiffs' allegations are inconsistent with the Participation Agreement, they are denied.  The third sentence of Paragraph 66 is denied.

67.     The allegations in Paragraph 67 are denied.

68.     The allegations in Paragraph 68 are denied.

## FIRST CAUSE OF ACTION
### *Violation of the Administrative Procedure Act and Section 1222 of the EPAct*

69.     Defendants reassert and incorporate their responses to the allegations in Paragraphs 1 to 68.

70.     The allegations in Paragraph 70 are denied.

71.     Paragraph 71 contains Plaintiffs' legal interpretation of Section 1222 of EPAct 2005, to which no response is required.  To the extent the allegations are inconsistent with Section 1222, they are denied.

72.     The first sentence contains Plaintiffs' legal conclusions of Arkansas law, to which no response is required.  To the extent the allegations are inconsistent with Arkansas law, they are denied.  The second sentence contains Plaintiffs' characterization of the Decision Documents.  Those documents are the best evidence of their contents; to the extent the allegations are inconsistent with the documents they are denied.

73.     The allegations in Paragraph 73 are denied.

74.     The allegations in Paragraph 74 are denied.

## SECOND CAUSE OF ACTION
### *Compliance with the Utility Facility Environmental and Economic Protection Act*

75.     Defendants reassert and incorporate their responses to the allegations in Paragraphs 1 to 68.

76.     Paragraph 76 contains Plaintiffs' legal conclusions of Arkansas law, to which no response is required.  To the extent the allegations are inconsistent with Arkansas law, they are denied.

77.     The allegations in Paragraph 77 reflect Plaintiffs' legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with Arkansas law, they are denied.

78.     The allegations in Paragraph 78 reflect Plaintiffs' legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with Arkansas law, they are denied.

79.     The allegations in Paragraph 79 reflect Plaintiffs' characterizations of the DOE Decision Documents, which are the best evidence of their contents.  To the extent the allegations are inconsistent with the Decision Documents, they are denied.  Defendants admit that neither DOE nor SWPA has received a CECPN from the APSC for the facilities planned for the Project in Arkansas.  Upon information and belief, Defendants admit that Clean Line has not received a CECPN from the APSC for those facilities.  Defendants admit that Exhibit D contains the text quoted in the third sentence of Paragraph 79.

80.     The allegations in the first sentence of Paragraph 80 reflect Plaintiffs' characterizations of the Participation Agreement, and the allegations in the second and third sentences of Paragraph 80 reflect Plaintiffs' characterizations of APSC Order No. 9.  Both documents are the best evidence of their own contents. To the extent Plaintiffs' allegations are inconsistent with the Participation Agreement or APSC Order No. 9, they are denied.

81.     The allegations in the first sentence of Paragraph 81 reflect Plaintiffs' characterization of Clean Line's filings with the Federal Energy Regulatory Commission, which are the best evidence of their contents.  To the extent those allegations are inconsistent with these filings, they are denied.  The allegations in the second sentence of Paragraph 81 reflect Plaintiffs' legal conclusion, to which no response is required.  To the extent a response is required, they are denied.

82.     The allegations in Paragraph 82 reflect Plaintiffs' characterization of the Participation Agreement, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Participation Agreement, they are denied.

83.     Paragraph 83 reflects Plaintiffs' request for relief, to which no response is required.  To the extent a response is required, the requested relief should be denied.

14

**THIRD CAUSE OF ACTION**
*Violation of the Administrative Procedure Act Section 1222 of the EPAct*

84.     Defendants reassert and incorporate their responses to the allegations in Paragraphs 1 to 68.

85.     Defendants admit that the first sentence of Paragraph 85 contains an accurate quotation from Section 1222 of EPAct 2005.  The allegations in the second and third sentences of Paragraph 85 reflect Plaintiffs' characterization of the Participation Agreement, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Participation Agreement, they are denied.   The final sentence is denied.

86.     The allegations in Paragraph 86 reflect Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents.  To the extent the allegations are inconsistent with Section 1222, they are denied.

87.     The allegations in Paragraph 87 reflect Plaintiffs' characterization of the Participation Agreement, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Participation Agreement, they are denied.

88.     The allegations in Paragraph 88 are denied.

**FOURTH CAUSE OF ACTION**
*Violation of the Administrative Procedure Act*

89.     Defendants reassert and incorporate their responses to the allegations in Paragraphs 1 to 68.

90.     The allegations of Paragraph 90 are legal conclusions and therefore no response is required.

91.     The allegations in Paragraph 91 are denied.

92.     The allegations in the first sentence of Paragraph 92 reflect Plaintiffs' characterization of Section 1222 of EPAct 2005, which is the best evidence of its contents.  To the extent the allegations are inconsistent with Section 1222, they are denied.  The second sentence of Paragraph 92 reflects a quote from Webster's Dictionary, which is the best evidence of its contents. The second sentence also reflects Plaintiffs' legal conclusion, to which no response is needed.  To the extent a response is required, that conclusion is denied.

93.     The allegations in the first and third sentences of Paragraph 93 reflect Plaintiffs' characterization of DOE's Summary of Findings, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Summary of Findings, they are denied.  The allegations in the second sentence of paragraph 93 are denied.

94.     The allegations in Paragraph 94 reflect Plaintiffs' characterization of DOE's Summary of Findings, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Summary of Findings, they are denied.

95.     The allegations in Paragraph 95 are denied.

96.     Paragraph 96 contains Plaintiffs' legal characterization of Section 1222 of EPAct 2005.  To the extent the allegations are inconsistent with Section 1222, they are denied.

97.     The allegations in Paragraph 97 are denied.

98.     Paragraph 98 reflects Plaintiffs' characterizations of the Summary of Findings, which is the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the Summary of Findings, they are denied.

99.     The first sentence of Paragraph 99 quotes from the 2016 SPP Transmission Expansion Plan Report, which is the best evidence of its own contents. To the extent the allegations are inconsistent with the Report, they are denied.  The second and third sentences of

Paragraph 99 contain Plaintiffs' opinions and legal conclusions, to which no response is required.  To the extent a response is required to those allegations, they are denied.

100.    The allegations in Paragraph 100 are denied.

101.    Paragraph 101 contains Plaintiffs' characterizations of the SPP Integrated Transmission Plan 20-Year Assessment Report, which is the best evidence of its own contents. To the extent Plaintiffs' allegations are inconsistent with that Report, they are denied.  Paragraph 101 also contains Plaintiffs' opinions and legal conclusions, to which no response is required. To the extent a response is required to those allegations, they are denied.

102.    The allegations in Paragraph 102 are denied.

103.    The allegations in Paragraph 103 are denied.

104.    Paragraph 104 contains Plaintiffs' legal interpretation of Section 1222 of EPAct 2005, to which no response is necessary.  To the extent a response is required, Paragraph 104 is denied.

105.    Paragraph 105 contains Plaintiffs' characterization of two documents published in the Federal Register.  Those documents are the best evidence of their contents; to the extent the allegations are inconsistent with the documents, they are denied.

106.    The allegations in Paragraph 106 are denied.

107.    The allegations in Paragraph 107 are denied.

108.    The allegations in Paragraph 108 are denied.

### FIFTH CAUSE OF ACTION
***Violation of the Administrative Procedure Act and the 5th Amendment Right to Due Process***

109.    Defendants reassert and incorporate their responses to the allegations in Paragraphs 1 to 68.

110.    The allegations of Paragraph 110 are legal conclusions and therefore no response is required.

111.    The allegations of Paragraph 111 are legal conclusions and therefore no response is required.

112.    The allegations in Paragraph 112 are denied.

113.    Paragraph 113 contains Plaintiffs' characterization of the Record of Decision. That document is the best evidence of its contents; to the extent the allegations are inconsistent with that document, they are denied.

114.    The allegations in Paragraph 114 are denied.

115.    The allegations of Paragraph 115 are legal conclusions and therefore no response is required.

116.    The allegations in Paragraph 116 reflect Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

117.    The allegations in Paragraph 117 reflect Plaintiffs' opinions and legal conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

118.    The allegations in Paragraph 118 are denied.

119.    The allegations in the first sentence of Paragraph 119 are admitted.  The remaining allegations in paragraph 119 reflect Plaintiffs' characterization of the Participation Agreement, which is the best evidence of its contents.  To the extent the allegations are inconsistent with the Participation Agreement, they are denied.

120.    Paragraph 120 reflects Plaintiffs' legal predictions and conclusions, to which no response is required.  To the extent a response is required, the allegations are denied.

121.    The allegations in Paragraph 121 are denied.

## PRAYER FOR RELIEF

The balance of the Complaint provides Plaintiffs' prayer for relief to which no answer is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## GENERAL DENIAL

All of the allegations in Plaintiffs' Amended Complaint which have not been specifically admitted, denied, or otherwise answered are hereby denied.

## AFFIRMATIVE DEFENSES

The United States asserts the following defenses. Nothing herein may be construed to suggest that the United States bears the burden of proof on any of the issues set forth below. These defenses are based upon the information currently available to the United States, and the United States reserves the right to assert additional defenses upon discovery of additional information.

## FIRST DEFENSE

Plaintiffs have failed to exhaust their administrative remedies as to some or all of their claims.

## SECOND DEFENSE

Plaintiffs fail to state a claim for which relief may be granted as to some or all of their claims for relief.

## THIRD DEFENSE

Some or all of Plaintiffs' claims are not ripe, and therefore the Court lacks subject matter jurisdiction over those claims.

## FOURTH DEFENSE

Plaintiffs have failed to allege mandatory duties owed them and therefore this Court lacks subject matter jurisdiction under 28 U.S.C. § 1361.

## FIFTH DEFENSE

Defendants may have other and additional affirmative defenses about which they may be currently unaware and reserve the right to assert such affirmative defenses.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint with prejudice, that judgment be entered for Defendants, and that they be allowed such further relief as the Court may allow.

Dated: October 18, 2016              Respectfully submitted,


JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

*/s/Stephen Finn*
JAMES J. DUBOIS
U.S. Department of Justice Environment and
      Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1375
james.dubois@usdoj.gov

STEPHEN FINN
U.S. Department of Justice Environment and
      Natural Resources Division
Natural Resources Section
601 D Street, NW,
Washington, D.C. 20004
202-305-3284
Stephen.finn@usdoj.gov

READE E. WILSON
U.S. Department of Justice Environment and
      Natural Resources Division
Land Acquisition Section
601 D Street, NW
Washington, D.C. 20004

202-305-0299
reade.wilson@usdoj.gov

*Counsel for Defendants*

OF COUNSEL:
Bettina Mumme
U.S. Department of Energy
Office of the General Counsel
1000 Independence Ave, SW
Washington, DC 20585
202-586-8713

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 18h day of October, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in this matter who are registered with the Court's CM/ECF filing system.


*/s/ Stephen Finn*
STEPHEN FINN