IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DOWNWIND, LLC and GOLDEN BRIDGE, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF ENERGY; )<br>ERNEST MONIZ, in his official capacity as )<br>Secretary of the United States Department of )<br>Energy; SOUTHWESTERN POWER )<br>ADMINISTRATION; SCOTT CARPENTER, )<br>in his official capacity as Administrator of the )<br>Southwestern Power Administration, )<br>)<br>Defendants, )<br>)<br>PLAINS AND EASTERN )<br>CLEAN LINE HOLDINGS LLC, )<br>)<br>Intervenor. )<br>) | Civil Action No. 3:16-cv-207-DPM |

### PLAINS AND EASTERN CLEAN LINE HOLDINGS LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plains and Eastern Clean Line Holdings LLC ("Clean Line"), for its Answer to Plaintiffs' First Amended Complaint ("Complaint") for Declaratory and Injunctive Relief, states:

1.  Clean Line denies the allegations in paragraph 1 of the Complaint.

2.  Clean Line states that the United States Department of Energy's ("DOE") Record of Decision attached to the Complaint as Exhibit A, the Secretarial Determination attached to the Complaint as Exhibit B, the DOE Summary of Findings attached to the Complaint as Exhibit C, and the Participation Agreement attached to the Complaint as Exhibit D (collectively the "Decision Documents"), speak for themselves and therefore do not require a response. Clean

1

Line denies any remaining allegations in paragraph 2 of the Complaint. Clean Line also denies any remaining allegations in footnote 1 to paragraph 2 of the Complaint.

3. Clean Line states that the DOE Record of Decision attached to the Complaint as Exhibit A and the Participation Agreement attached to the Complaint as Exhibit D speak for themselves and, therefore, do not require a response. Clean Line denies any remaining allegations in paragraph 3 of the Complaint.

4. Clean Line states that the DOE Record of Decision attached to the Complaint as Exhibit A and the map of the 1,000' Corridor attached to the Complaint as Exhibit E speak for themselves and, therefore, do not require a response. Clean Line denies any remaining allegations in paragraph 4 of the Complaint.

5. Clean Line states that the DOE Record of Decision attached to the Complaint as Exhibit A speaks for itself and, therefore, does not require a response. Clean Line denies any remaining allegations in paragraph 5 of the Complaint.

6. Clean Line states that the Decision Documents attached to the Complaint as Exhibits A, B, C and D speak for themselves and, therefore, do not require a response. Clean Line denies any remaining allegations in paragraph 6 of the Complaint.

7. Clean Line denies the allegations in paragraph 7 of the Complaint.

8. Clean Line lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and, therefore, denies those allegations.

9. Clean Line lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and, therefore, denies those allegations.

10. Clean Line lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and, therefore, denies those allegations.

11. Clean Line denies the allegations in paragraph 11 of the Complaint.

12. Clean Line admits the allegations in the first sentence of paragraph 12 of the Complaint. Clean Line denies the remaining allegations in paragraph 12 of the Complaint.

13. Clean Line admits the allegations in paragraph 13 of the Complaint.

14. Clean Line admits the allegations in the first sentence of paragraph 14 of the Complaint. Clean Line lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and, therefore, denies those allegations.

15. Clean Line admits the allegations in paragraph 15 of the Complaint.

16. Clean Line states that paragraph 16 of the Complaint merely defines a term used elsewhere in the Complaint and, therefore, no response is required.

17. Clean Line admits the allegations in paragraph 17 of the Complaint with respect to the Clean Line entities which are involved in the Project and affirmatively clarifies that Clean Line is participating with DOE in the development of the Project.

18. Clean Line states that paragraph 18 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

19. Clean Line states that paragraph 19 of the Complaint states legal conclusions and citations to law and, therefore, no response is required.

20. Clean Line states that paragraph 20 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

21. Clean Line states that paragraph 21 of the Complaint states legal conclusions and citations to law and, therefore, no response is required.

22. Clean Line states that paragraph 22 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

23. Clean Line states that paragraph 23 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

24. Clean Line states that paragraph 24 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

25. Clean Line states that paragraph 25 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

26. Clean Line states that paragraph 26 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

27. Clean Line states that paragraph 27 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

28. Clean Line states that paragraph 28 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

29. Clean Line states that paragraph 29 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

30. Clean Line states that paragraph 30 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

31. Clean Line states that paragraph 31 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

32. Clean Line states that paragraph 32 of the Complaint states legal conclusions and citations to law and, therefore, no response is required.

33. Clean Line states that paragraph 33 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

34. Clean Line states that paragraph 34 and footnote 2 of the Complaint state legal conclusions and citations to law and, therefore, no response is required.

35. Clean Line states that paragraph 35 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

36. Clean Line states that paragraph 36 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

37. Clean Line states that paragraph 37 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

38. Clean Line states that paragraph 38 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

39. Clean Line states that paragraph 39 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

40. Clean Line states that the Application attached to the Complaint as Exhibit F speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 40 of the Complaint.

41. Clean Line states that the Application attached to the Complaint as Exhibit F speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 41 of the Complaint.

42. Clean Line states that the Initial APSC Decision attached to the Complaint as Exhibit G speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 42 of the Complaint.

43. Clean Line states that the Initial APSC Decision attached to the Complaint as Exhibit G speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 43 of the Complaint.

44. Clean Line states that the Initial APSC Decision attached to the Complaint as Exhibit G speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 44 of the Complaint.

45. Clean Line states that the Initial APSC Decision attached to the Complaint as Exhibit G speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 45 of the Complaint.

46. Clean Line states that the July 19, 2016 Letter attached to the Complaint as Exhibit H speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 46 of the Complaint.

47. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 47 of the Complaint.

48. Clean Line states that paragraph 48 of the Complaint characterizes the content of a Federal Register notice, which speaks for itself, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

49. Clean Line states that paragraph 49 of the Complaint characterizes the content of a Federal Register notice, which speaks for itself, and, therefore, no response is required. To the extent a response is required, the allegations are denied.

50. Clean Line states that the Project Proposal for New or Upgraded Transmission Line Projects Under Section 1222 (Jul. 2010) cited in paragraph 50 and footnote 3 of the Complaint and the DOE's Summary of Findings attached to the Complaint as Exhibit C speak for themselves and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 50 and footnote 3 of the Complaint.

51. Clean Line states that the Update to Plains & Eastern Clean Line Proposal for New or Upgraded Transmission Line Projects Under Section 1222 of the Energy Policy Act of 2005 (Aug. 2011) cited in paragraph 51 and footnote 4 of the Complaint speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 51 and footnote 4 of the Complaint.

52. Clean Line states that the Advance Funding and Development Agreement cited in paragraph 52 and footnote 5 of the Complaint speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 52 and footnote 5 of the Complaint.

53. Clean Line states that the December 21, 2012, DOE Notice of Intent and the December 17, 2014 DOE Draft Environmental Impact Statement cited in paragraph 53 of the Complaint speak for themselves and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 53 of the Complaint.

54. Clean Line states that the 1222 Program – Part 2 Application: Information Requested for Proposed Plains & Eastern Clean Line Project (Jan. 2015) cited in paragraph 54 and footnote 6 of the Complaint speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 54 and footnote 6 of the Complaint.

55. Clean Line states that the April 28, 2015 Notice cited in paragraph 55 of the Complaint speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 55 of the Complaint.

56. Clean Line denies the allegations in paragraph 56 of the Complaint.

57. Clean Line states that the November 13, 2015 Notice and Final Environmental Impact Statement ("FEIS") cited in paragraph 57 of the Complaint speaks for itself, and, therefore, no response is required.

58. Clean Line states that the Decision Documents attached to the Complaint as Exhibits A, B, C and D speak for themselves and, therefore, no response is required.

59. Clean Line states that the DOE Record of Decision attached to the Complaint as Exhibit A and the map of the 1,000' Corridor attached to the Complaint as Exhibit E speak for themselves and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 59 of the Complaint.

60. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 60 of the Complaint.

61. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 61 of the Complaint.

62. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 62 of the Complaint.

63. Clean Line states that the DOE Summary of Findings attached to the Complaint as Exhibit C and the Participation Agreement attached to the Complaint as Exhibit D speak for themselves and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 63 of the Complaint.

64. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 64 of the Complaint.

65. Clean Line denies the allegations in paragraph 65 of the Complaint.

66. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 66 of the Complaint.

67. Clean Line states that the Record of Decision attached to the Complaint as Exhibit A and the map of the 1,000' Corridor attached to the Complaint as Exhibit E speak for themselves and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 67 of the Complaint.

68. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 68 of the Complaint.

69. Clean Line lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and, therefore, denies those allegations.

70. Clean Line denies the allegations in paragraph 70 of the Complaint.

71. In response to paragraph 71 of the Complaint, Clean Line refers to and incorporates by reference its responses to paragraphs 1-70 of the Complaint.

72. Clean Line states that paragraph 72 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

73. Clean Line states that paragraph 73 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

74. Clean Line states that paragraph 74 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

75. Clean Line denies the allegations in paragraph 75 of the Complaint.

76. Clean Line states that paragraph 76 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

77. In response to paragraph 77 of the Complaint, Clean Line refers to and incorporates by reference its responses to paragraphs 1-70 of the Complaint.

78. Clean Line states that paragraph 78 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

79. Clean Line states that paragraph 79 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

80. Clean Line states that paragraph 80 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

81. Clean Line states that the Decision Documents attached to the Complaint as Exhibits A, B, C and D speak for themselves and, therefore, no response is required. Clean Line denies the remaining allegations in paragraph 81 of the Complaint.

82. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D and the Order of the Arkansas Public Service Commission attached to the Complaint as Exhibit G speak for themselves and, therefore, no response is required. Clean Line denies the remaining allegations in paragraph 82 of the Complaint.

83. Clean Line states that the Letter attached to the Complaint as Exhibit H speaks for itself and, therefore, no response is required. Clean Line states that the second sentence of paragraph 83 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied. Clean Line denies the remaining allegations of paragraph 83 of the Complaint.

84. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 84 of the Complaint.

85. Clean Line states that paragraph 85 reflects Plaintiffs' request for relief, to which no response is required. To the extent a response is required, the requested relief should be denied.

86. In response to paragraph 86 of the Complaint, Clean Line refers to and incorporates by reference its responses to paragraphs 1-70 of the Complaint.

87. Clean Line states that the first sentence in paragraph 87 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied. Clean Line further states that the Participation

Agreement attached to the Complaint as Exhibit D and Section 1222 speak for themselves and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 87 of the Complaint.

88. Clean Line states that paragraph 88 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

89. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself. Clean Line denies any remaining allegations in paragraph 89 of the Complaint.

90. Clean Line states that paragraph 90 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

91. In response to paragraph 91 of the Complaint, Clean Line refers to and incorporates by reference its responses to paragraphs 1-70 of the Complaint.

92. Clean Line states that paragraph 92 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

93. Clean Line denies the allegations in paragraph 93 of the Complaint.

94. Clean Line states that paragraph 94 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

95. Clean Line states that the DOE Summary of Findings attached to the Complaint as Exhibit C speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 95 of the Complaint.

96. Clean Line states that the DOE Summary of Findings attached to the Complaint as Exhibit C speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 96 of the Complaint.

97. Clean Line denies the allegations in paragraph 97 of the Complaint.

98. Clean Line states that paragraph 98 of the Complaint states legal conclusions and citations to law and, therefore, no response is required.

99. Clean Line denies the allegations in paragraph 99 of the Complaint.

100. Clean Line states that paragraph 100 of the Complaint states legal conclusions and citations to law and, therefore, no response is required.

101. Clean Line states that the DOE Summary of Findings attached to the Complaint as Exhibit C speaks for itself and, therefore, no response is required. Clean Line denies the remaining allegations in paragraph 101 of the Complaint.

102. Clean Line admits that the Southwest Power Pool is a Transmission Organization (as defined under 16 U.S.C. § 796) operating in the area where generation capacity that will interconnect with the Project and admits that the Midcontinent Independent System Operator is a Transmission Organization operating in the area where the Project's Arkansas converter station will be located. The remaining allegations in paragraph 102 of the Complaint are denied.

103. Clean Line denies the allegations in paragraph 103 of the Complaint.

104. Clean Line denies the allegations in paragraph 104 of the Complaint.

105. Clean Line denies the allegations in paragraph 105 of the Complaint.

106. Clean Line denies the allegations in paragraph 106 of the Complaint.

107. Clean Line states that paragraph 107 of the Complaint states legal conclusions and citations to law and, therefore, no response is required.

108. Clean Line states that the 2010 Request for Proposals cited in paragraph 108 of the Complaint and the January 2015 Part 2 Application cited in paragraph 108 of the Complaint speak for themselves and, therefore, no response is required.

109. Clean Line denies the allegations in paragraph 109 of the Complaint.

110. Clean Line denies the allegations in paragraph 110 of the Complaint.

111. Clean Line denies the allegations in paragraph 111 of the Complaint.

112. In response to paragraph 112 of the Complaint, Clean Line refers to and incorporates by reference its responses to paragraphs 1-70 of the Complaint.

113. Clean Line states that paragraph 113 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

114. Clean Line states that paragraph 114 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

115. Clean Line denies the allegations in paragraph 115 of the Complaint.

116. Clean Line states that the DOE Record of Decision attached to the Complaint as Exhibit A speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 116 of the Complaint.

117. Clean Line denies the allegations in paragraph 117 of the Complaint.

118. Clean Line states that paragraph 118 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

119. Clean Line states that paragraph 119 of the Complaint states legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations are denied.

120. Clean Line denies the allegations in the first sentence of paragraph 120 of the Complaint. Clean Line lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 120 of the Complaint that "title and property value are already being questioned by potential lenders and potential buyers" and, therefore, denies the same.

121. Clean Line states that paragraph 121 of the Complaint states legal conclusions and citations to law and, therefore, no response is required. To the extent a response is required, the allegations are denied.

122. Clean Line denies the allegations in paragraph 122 of the Complaint.

123. Clean Line states that the Participation Agreement attached to the Complaint as Exhibit D speaks for itself and, therefore, no response is required. Clean Line denies any remaining allegations in paragraph 123 of the Complaint.

124. Clean Line denies the allegations in paragraph 124 of the Complaint.

125. Clean Line denies the allegations in paragraph 125 of the Complaint.

126. Clean Line denies the allegations in paragraph 126 of the Complaint.

127. Clean Line denies any allegation in paragraphs 1 through 10 of the Prayer for Relief, and denies that Plaintiffs are entitled to any of the requested relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs' Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted.

2. Plaintiffs' Complaint should be dismissed because Plaintiffs do not have standing under Article III of the United States Constitution to challenge the Government's action.

3. Clean Line reserves the right to rely on additional defenses that become available.

4. Clean Line adopts all affirmative defenses presently or subsequently asserted by any defendant in this matter.

5. Clean Line reserves the right to amend its answer or otherwise plead in response to Plaintiffs' Complaint.

WHEREFORE, Plains and Eastern Clean Line Holdings LLC, prays that the Court dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief and award Clean Line all other proper relief.

QUATTLEBAUM, GROOMS
 & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1700
Facsimile: (501) 379-1701
Email: mheister@qgtlaw.com

By: /s/Michael B. Heister
Steven W. Quattlebaum, Ark. Bar #84127
John E. Tull III, Ark. Bar #84150
Michael B. Heister, Ark. Bar #2002091

*Attorneys for Plains and Eastern Clean Line Holdings LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on the 19th day of December, 2016, I filed the foregoing with the Clerk of Court via the Court's CM/ECF system, which shall provide notice to all counsel of record:

Jordan P. Wimpy
Christopher L. Travis
GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800 – Telephone
(501) 376-4286 – Facsimile
jwimpy@gill-law.com

James J. DuBois
U.S. Department of Justice
Environment and Natural Resources Division
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1375 – Telephone
(303) 844-1350 – Facsimile
james.dubois@usdoj.gov

Stephen Finn
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-3284 – Telephone
(202) 353-0506 - Facsimile
Stephen.finn@usdoj.gov

Reade E. Wilson
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0299 – Telephone
reade.wilson@usdoj.gov

                                        /s/Michael B. Heister
                                        Michael B. Heister