**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| DOWNWIND, LLC and GOLDEN BRIDGE, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:16-cv-00207-DPM |
| v. | ) ) ) | |
| UNITED STATES DEPARTMENT OF ENERGY; GRACE BOCHENEK, in her official capacity as Acting Secretary of the United States Department of Energy; SOUTHWESTERN POWER ADMINISTRATION; SCOTT CARPENTER, in his official capacity as Administrator of the Southwestern Power Administration, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| PLAINS AND EASTERN CLEAN LINE HOLDINGS, LLC | ) ) ) ) | |
| Defendant-Intervenor. | ) | |

**STIPULATED CONFIDENTIALITY ORDER**

Pursuant to Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure and Local Rule

7.4, this Stipulated Confidentiality Order ("Confidentiality Order") establishes special protection

for confidential information to prevent public disclosure and use of such information for any

purpose other than prosecuting this litigation.  Rule 5.2 of the Federal Rules of Civil Procedure

sets forth the procedures that must be followed when a party seeks to file material under seal.

Plaintiffs in this case are Downwind LLC of Harrisburg, Arkansas, and Golden Bridge

LLC of Fort Smith, Arkansas.  Federal Defendants are the United States Department of Energy

("DOE"); Grace Bochenek, Acting Secretary of the United States Department of Energy, in her

official capacity; the Southwestern Power Administration; and Scott Carpenter, Administrator, Southwestern Power Administration, in his official capacity.  Defendant-Intervenor is Plains and Eastern Clean Line Holdings LLC ("Clean Line").

Hereinafter, Plaintiffs, Federal Defendants, and Defendant-Intervenor are referred to individually as "a party" and collectively as "the parties."

In defense of Plaintiffs' claims, Federal Defendants will lodge with the Court and serve on Plaintiffs and Defendant-Intervenor an Administrative Record.  With respect to the Administrative Record to be filed, Federal Defendants will produce certain documents that contain confidential, proprietary or personal information that is exempt from public disclosure pursuant to the Freedom of Information Act, 5 U.S.C. § 552(b)(4), (6), & (7); information that has been or may be designated as critical electric infrastructure information pursuant to Section 215A of the Federal Power Act, 16 U.S.C. § 824o-1 or critical energy infrastructure information pursuant to the rules and regulations of the Federal Energy Regulatory Commission, 18 C.F.R. § 388.113; and information subject to withholding from public disclosure under Section 304 of the National Historic Preservation Act.  The parties stipulate to this Confidentiality Order in order to allow for efficient handling of documents designated as containing Confidential Information and to preserve the confidentiality of such documents during the course of this litigation.

Thus, for good cause having been shown, IT IS HEREBY ORDERED:

1.      Confidential Information: "Confidential Information" shall be defined as and refer to, information, data, and documents, in any form, the production of which would, in the good faith belief of the Federal Defendants or Defendant-Intervenors, result in the disclosure of one of the following categories of information: information exempt from public disclosure under 5 U.S.C. § 552(b)(4) & (6) or Rule 26(c)(1)(G); information exempt from public disclosure

2

under 5 U.S.C. § 552(b)(7) or applicable state or federal privacy law; information which has been or may be properly designated as Critical Electric Infrastructure Information pursuant to Section 215A of the Federal Power Act, 16 U.S.C. § 824o-1 or Critical Energy Infrastructure Information under the rules and regulations of the Federal Energy Regulatory Commission, 18 C.F.R. § 388.113, collectively "CEII"; information the disclosure of which is prohibited or limited by statute, or  court order and/or other applicable rule; and information which has been withheld from disclosure pursuant to Section 304 of the National Historic Preservation Act, 16 U.S.C. § 470w-3.  Federal Defendants will identify information in the Administrative Record as Confidential Information by marking it as "Confidential - Document Subject to Confidentiality Order," either in writing or on the record.  Confidential Information includes, but is not limited to, paper documents or information stored or recorded in the form of electronic or magnetic media.  If the material designated as Confidential Information contains CEII, Federal Defendants shall additionally mark each page containing CEII with the words "Contains CEII – Do Not Release."

2.      Scope:  The protections conferred by this Confidentiality Order cover not only Confidential Information, as defined above, but also any information copied or extracted from it, copies, excerpts, summaries, or compilations, as well as conversations or presentations by the parties or counsel to or in court or in other settings where Confidential Information might be revealed.

3.      Use of Confidential Information:  A recipient of Confidential Information may use Confidential Information that is disclosed or produced by another party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential Information may be disclosed only to the categories of persons and under the conditions

described in this Confidentiality Order.   When the litigation has been terminated, a recipient of Confidential Information must comply with the provisions of Paragraph 9, below (Final Disposition).

Confidential Information must be stored and maintained by the recipient at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Order.  The parties shall not make or issue any public announcements or press releases (including, but not limited to, posts on websites, social media, blogs, "Tweets" on Twitter, or any other Internet-based or electronic means) that include, refer to, or rely on Confidential Information.  An announcement is public if it is accessible to individuals who have not agreed to be bound by this Confidentiality Order and who are not employed by a party to this litigation.  In the event that, after the filing of the public and non-public versions of the Administrative Record, information that has been included in the public version of the Administrative Record is determined to be Confidential Information, all parties shall meet their obligation to secure and maintain later determined Confidential Information by removing the Confidential Information from the public domain and, to the extent that a party previously provided or gave access to the later determined Confidential Information to any person or entity not listed in Paragraph 4 of this agreement, the party shall inform the receiving person or entity of the change in the status of the information and request the immediate return, or destruction, of such information.

4.     Access to Confidential Information: Access to Confidential Information designated in this Confidentiality Order, as specified in Paragraph 2, above, and to any portion of any transcript, brief, affidavit, memorandum, or other paper that contains or reveals Confidential Information will be limited to:

4

(a)     the parties to this litigation including their employees and counsel who are consulted to work on this litigation--the term "the parties" includes Downwind LLC and Golden Bridge LLC and their respective Boards of Managers, but does not include individual members unless there is a need for an individual member to have access to Confidential Information specifically for purposes of this litigation;

(b)     the parties' outside legal counsel and consultants retained specifically for this litigation;

(c)     the assistants to these outside counsel and consultants (including secretaries, paralegals, and clerks) actually assisting counsel, consultants, or both in preparation of this case, provided however, that the assistants are subject to the terms of this Confidentiality Order and have access to Confidential Information only to the extent necessary to perform their duties;

(d)     the court, or court personnel involved with the case, and official court reporters involved in transcribing any proceedings in this litigation;

(f)     individuals employed by the parties or their counsel to assist in this litigation in outside photocopying, data processing, document imaging or graphic production services;

(g)     any other person who is designated by Order of the Court, after notice to all the parties; and

(h)     other persons as the parties shall agree to in writing.

5.     Filing Protected Material:  Any document or data covered under this

Confidentiality Order that is attached to any pleading, motion, brief or other document filed with the Court, or any pleading, motion, brief or document that relies on and discloses Confidential Information, shall be filed with the Confidential Information redacted from it. A complete, unredacted copy of the document shall be filed with the Court under seal.

"Under seal" means that any documents covered under this Confidentiality Order submitted to the Clerk must be in a securely sealed envelope or box affixed conspicuously with the legend "DOCUMENT UNDER SEAL" or "DOCUMENTS SUBJECT TO CONFIDENTIALITY ORDER.

6.      No Waiver for Inadvertent Disclosure: Any inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be construed as a waiver, in whole or in part, of the Federal Defendants' or Defendant-Intervenors' assertion of confidentiality as to specific information disclosed, the document containing the disclosed information, the specific subject matter of the disclosed information, or the right to designate the disclosed information as confidential pursuant to this Confidentiality Order, *provided* that disclosure of the information that occurs *prior* to its designation as Confidential Information will not constitute a breach under Paragraph 10.

7.      Process for Subpoena: If any party that has obtained Confidential Information receives a subpoena or other process from any court, tribunal, person or entity seeking disclosure of any Confidential Information, that party shall promptly give written notice by electronic mail or facsimile to the party whose Confidential Information has been requested, enclosing a copy of the subpoena or process; and shall also inform the party issuing the subpoena or process that the documents sought are subject to this Confidentiality Order and may not be disclosed without the

6

consent of the party whose Confidential Information has been requested, or order of this Court or a court with jurisdiction. Absent this consent or order, the parties who have obtained Confidential Information shall not produce it.

8.      Duration: Unless this Court orders otherwise, the Order shall remain in effect for one year after this case ends by final disposition, including any appeals. This Court retains jurisdiction to enforce this Order during that period. Thereafter, the obligations in this Order shall be solely a matter of contract among the signatories.

9.      Final Disposition: Upon conclusion of this litigation, including appeals, and unless ordered or otherwise agreed to in writing by the Federal Defendants or Defendant-Intervenors, a party receiving Confidential Information must return all Confidential Information described under Paragraph 1 of this Confidentiality Order to the party which produced the Confidential Information no later than sixty calendar days after the conclusion of this action. All Confidential Information that must be returned includes all copies, compilations, summaries or any other form of reproduction of the Confidential Information. Notwithstanding this provision, Counsel for a party are entitled to retain Confidential Information that is included or contained in court pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product.

10.     Breach: The parties acknowledge and agree that, in the event of any breach of this Confidentiality Order, the party whose Confidential Information is improperly disclosed ("the Harmed Party") may seek such relief as to which the Harmed Party may be entitled at law or in equity.

11.     In the event that a need arises for further measures beyond those prescribed in this Confidentiality Order to protect the Confidential Information from unauthorized disclosure, such

as during a hearing or oral argument in this case, the Court shall prescribe such procedures as it deems necessary to protect Confidential Information from disclosure.

12.     Notwithstanding any other provision of this Confidentiality Order, the parties may agree in writing to waive the application of any or all restrictions on disclosure or other provisions of this Confidentiality Order to certain Confidential Information specifically identified in writing and approved by all the parties.

13.     Challenging Confidentiality Designations: A party that elects to initiate a challenge to a confidentiality designation must do so in good faith and must advise the Federal Defendants and Defendant-Intervenors in writing that the party objects to the designation. For purposes of the Administrative Record, the Federal Defendants shall receive all notices related to disputes regarding the confidentiality designation. If the confidentiality designation involves the information of a non-party in the Administrative Record (for example, the Tennessee Valley Authority), the Federal Defendants shall notify the non-party of the challenge. The parties shall have fourteen (14) days to resolve the dispute (the "Resolution Period"). During the Resolution Period, the parties shall meet and confer, and the Federal Defendants or Defendant-Intervenors must explain with particularized facts the basis for its belief that the confidentiality designation is proper. If, following the Resolution Period, there is no resolution of the challenge, the Federal Defendants, Defendant-Intervenors, or both shall have fourteen calendar days to apply to the Court by motion for a protective order designating the challenged material as confidential. The challenging party may file a response within seven calendar days; there will be no reply. The burden of establishing confidentiality in any such challenge proceeding shall be on the moving party or parties pursuant to prevailing legal authority applicable to a request for a protective order under Rule 26(c) and other applicable law. Until the challenge is resolved, whether during

the Resolution Period or by order of the Court, all the parties shall continue to afford the

Confidential Information in question the level of protection to which it is entitled under this

Confidentiality Order. In the event that the Court determines the challenged material is not

confidential, the Federal Defendants shall reproduce copies of all materials so de-designated

without the "Confidential" labeling, at the expense of the Federal Defendants, within fourteen

days after the determination. A party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is

disclosed.

14.     Notwithstanding designation of certain information as Confidential Information

pursuant to this Confidentially Order, nothing herein shall be construed as a waiver of Plaintiffs'

right to seek disclosure of documents subject to this Confidentiality Order in any other

proceedings pursuant to the Freedom of Information Act, 5 U.S.C. § 552.

ORDERED this 7th day of February 2017.

D. P. Marshall Jr.
United States District Judge

9

## STIPULATION OF THE PARTIES

FOR PLAINTIFFS:

Dated: February 3, 2017

*/s/Jordan P. Wimpy*
JORDAN P. WIMPY
CHRISTOPHER L. TRAVIS
GILL RAGON OWEN, PA.
425 West Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800 -Telephone
(501) 376-4286-Facsimile
jwimpy@gill-law.com

FOR FEDERAL DEFENDANTS:

Dated: February 3, 2017

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment & Natural Resources Division

*/s/Stephen Finn*
STEPHEN FINN
U.S. Department of Justice Environment &
          Natural Resources Division
Natural Resources Section
601 D Street, NW,
Washington, D.C. 20004
202-305-3284
Stephen.finn@usdoj.gov

JAMES J. DUBOIS
U.S. Department of Justice Environment &
          Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1375
james.dubois@usdoj.gov

READE E. WILSON
U.S. Department of Justice Environment &
          Natural Resources Division
Land Acquisition Section
601 D Street, NW
Washington, D.C. 20004
202-305-0299
reade.wilson@usdoj.gov

*Counsel for Defendants*

FOR DEFENDANT-INTERVENOR:

Dated: February 3, 2017

*/s/Michael B. Heister*
STEVEN W. QUATTLEBAUM, Ark. Bar #84127
JOHN E. TULL III, Ark. Bar #84150
MICHAEL B. HEISTER, Ark. Bar #2002091
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
Phone: (501) 379-1700
Facsimile: (501) 379-1701
Email: mheister@qgtlaw.com

*Counsel for Defendant-Intervenors*